IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| MANOR CARE OF AMERICA, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. L02CV4206 |
| | ) |
| PROPERTY & CASUALTY | ) |
| INSURANCE GUARANTY | ) |
| CORPORATION | ) |
| | ) |
| Defendant. | ) |

## JOINT PROPOSED DISCOVERY PLAN

Plaintiff Manor Care of America, Inc. ("Manor Care") and Defendant Property & Casualty Insurance Guaranty Corporation ("PCIGC"), through their respective counsel, hereby submit this joint proposed discovery plan in advance of the Rule 16(b) pretrial conference scheduled for March 11, 2003, at 5:00 p.m.

### Preliminary Statement

Manor Care has brought this action for a declaratory judgment and damages against PCIGC based on Manor Care's contention that PCIGC should provide coverage to Manor Care for insolvent carrier PHICO.  PCIGC is a Maryland corporation, founded pursuant to 9-301, *et seq.*, with the purpose to provide a mechanism for the prompt payment of covered claims under certain insurance policies to avoid financial loss to residents of the state of Maryland who are claimants or policyholders of an insolvent insurer.  The parties' dispute comes before this Court because they have been unable to

resolve the issue as to whether Manor Care's claims for coverage from PCIGC constitute "covered claims," within the meaning of Md. Code Ann. § 9-301(d), because Manor Care has changed its state of residency. Manor Care was a resident of the state of Maryland during the terms of the PHICO policies from June 1, 1993 through June 1, 1997. Since September 1998, Manor Care has been a resident of Ohio. PCIGC contends that Manor Care's claims against PCIGC cannot be "covered claims" because the company is not currently a resident of the state of Maryland. Manor Care believes that the statute requires only that Manor Care was a resident of Maryland during the policy period in which the insured accident or loss occurred.

The parties agree that, with minimal targeted discovery, this issue can be ready for resolution by the Court on summary judgment. Therefore, the parties propose, in this Joint Discovery Plan, discovery for a first phase of the litigation aimed at resolving the issue of whether Manor Care's claims are "covered claims," pursuant to Md. Code Ann. § 9-301(d).

If Manor Care prevails on its claim of entitlement to PCIGC funds, then the parties propose that they submit another joint discovery plan (if necessary) aimed at resolving the broader issues regarding the coverage afforded under the PHICO policies for which PCIGC would be liable. If PCIGC prevails on this issue, an additional discovery plan would not be necessary. The parties believe that a phased approach to discovery will result in an efficient resolution of this dispute both for the parties and for the Court. Their specific proposals as to a timeline for this phase of discovery are as follows:

A. **Exchange of Documents:**

By March 26, 2003, Manor Care will serve a request for production of documents regarding issues Manor Care believes to be related to the resolution of the meaning of "covered claim," including, but not limited to: PHICO's membership in PCIGC; PHICO's assessments and payments to PCIGC; PCIGC's refunds to PHICO from 1993 through 1997; whether a portion of each premium paid by Maryland insureds, including Manor Care, during 1993 to 1997 was paid to PCIGC; and other issues related to PHICO and PCIGC's financial relationship for the period from 1993 to 1997. PCIGC will respond by April 28, 2003.

PCIGC does not anticipate the need for requests for production of documents at this time.

B. **Interrogatories:**

By March 26, 2003, Manor Care will serve not more than 15 interrogatories regarding issues Manor Care believes to be related to the resolution of the meaning of "covered claim," including, but not limited to, PHICO's membership in PCIGC; PHICO's assessments and payments to PCIGC; PCIGC's refunds to PHICO from 1993 through 1997; whether a portion of each premium paid by Maryland insureds, including Manor Care, during 1993 to 1997 was paid to PCIGC; and other issues related to PHICO and PCIGC's financial relationship for the period from 1993 to 1997. PCIGC will respond by April 28, 2003.

PCIGC does not anticipate the need for interrogatories at this time.

C. **Depositions:**

Manor Care anticipates the deposition of a corporate designee of PCIGC regarding issues Manor Care believes to be related to the meaning of the term "covered claim," including , but not limited to, PHICO's membership in PCIGC; PHICO's assessments and payments to PCIGC; PCIGC's refunds to PHICO from 1993 through 1997; whether a portion of each premium paid by Maryland insureds, including Manor Care, during 1993 to 1997 was paid to PCIGC; and other issues related to PHICO and PCIGC's financial relationship for the period from 1993 to 1997.  Depending upon the number of people produced by PCIGC to respond to these issues, Manor Care anticipates one to two days of depositions of PHICO designees.  Manor Care may also need to depose a corporate designee of non-party PHICO Insurance Company regarding these issues, and anticipates a one day deposition of a PHICO designee.

PCIGC intends to file a Request for Admissions by March 26, 2003.  Assuming Manor Care admits to its non-residency status consistent with its Complaint, then PCIGC does not anticipate the need for depositions.  If, however, Manor Care responds to the Request for Admissions in a manner that calls for additional discovery, the Defendant may require depositions of Manor Care corporate witnesses.

D. **Rule 26(a)(1) Disclosures:**

The parties will not require Rule 26(a)(1) disclosures for this phase of discovery.

E. **Experts:**

The parties will not require experts for this phase of discovery.

F. **Deadline for the Close of Discovery:**

The parties recommend that discovery in this first phase close on June 16, 2003.

G. **Settlement Conference:**

PCIGC does not believe that a settlement conference would be productive during this phase of the litigation. The parties suggest that this issue be revisited after the Court's decision on dispositive motions.

H. **Trial Before a U.S. Magistrate Judge:**

The parties do not consent to a trial before a U.S. Magistrate Judge.

I. **Dispositive Motions:**

The parties suggest that dispositive motions be filed on July 28, 2003.

Manor Care intends to file a dispositive motion seeking a court determination that its claims against PCIGC for insolvent carrier, PHICO, are "covered claims," within the meaning of Md. Code Ann. § 9-301(d), because Manor Care was a resident of the state of Maryland at all times during the PHICO policy periods, Manor Care paid into the PCIGC through an assessment on its premiums during the PHICO policy periods and during Manor Care's residency in the state of Maryland; and the accidents for which Manor Care seeks coverage occurred during Manor Care's residency in the state of Maryland and during the PHICO policy periods.

From PCIGC's perspective, as the Court is aware, the Defendant has previously filed a Motion for Summary Judgment based upon the undisputed material fact (as conceded in Plaintiff's Complaint) that the Plaintiff was not a resident of the State of Maryland subsequent to September of 1998 and was thus not a Maryland resident at the

time that it made a demand for coverage from the Defendant. As the Defendant's coverage obligation is dictated by statute, and in further recognition of the fact that the pertinent statutory language requires that a corporation seeking coverage from this Defendant must be a current resident of the state at the time that coverage is sought in order to trigger coverage, it is the Defendant's position that this matter is ripe for summary judgment.

Although the Court felt that the filing of the Defendant's Motion was premature and that discovery should occur first, the Defendant will most assuredly refile its Motion for Summary Judgment immediately upon the close of discovery.

J. **Brief Description of the Case:**

In this action, Manor Care seeks a declaration that it is entitled to be defended and indemnified by the Maryland Insurance Guaranty Fund, operated by PCIGC. Manor Care was insured by PHICO, a non-insolvent insurance carrier, from 1993 through 1997, while Manor Care was a resident of Maryland. During the term of that coverage, Manor Care is alleged to have acted negligently and to have caused damage to residents of several of its nursing homes. These actions and losses would be covered by the PHICO policies if PHICO were still solvent. Now that PHICO is insolvent, Manor Care has turned to the Guaranty Fund for the coverage of claims brought under the PHICO policies. The language of the statute establishing PCIGC, Md. Code Ann. §301(d), requires only that covered claims arise out of the "policy of the insolvent insurer <u>issued to a resident</u> or payable to a resident." (Emphasis added.) At the time the PHICO policies were issued, Manor Care was a resident of the State of Maryland.

Consequently, under the plain language of the statute, Manor Care's claims are eligible for coverage by PCIGC. The Guaranty Fund insists that the statute requires Manor Care to have been a resident not only at the time of issue, as the statute requires, but also at the time the claim is made, which the statute does not require. With minimal discovery, Manor Care believes this issue can be resolved by the Court on summary judgment.

PCIGC states that having made the voluntary decision to leave Maryland as its place of corporate residency in 1998, the Plaintiff now seeks to return to this jurisdiction in order to obtain coverage from the Defendant in light of the insolvency of its medical malpractice insurer, PHICO. The Defendant's obligation to provide coverage to the Plaintiff is governed by statute, the pertinent language of which makes clear that in order to maintain a "covered claim", the Plaintiff must be a Maryland resident at the time that coverage is sought (§9-301(h) defines a corporate resident as an entity "whose principal place of business _is_ in the State" (emphasis added)). In this litigation, there is no factual dispute that the Plaintiff was not a Maryland resident at the time coverage was sought, and had not been a corporate resident of this state since September, 1998. Accordingly, it is the Defendant's position that by statute, the Plaintiff is not entitled to any coverage from the Defendant. Indeed, Manor Care apparently intends to seek a "redraft" of the clear statutory language at issue to suit its desire for coverage. Respectfully, PCIGC asserts that this litigation cannot serve as a platform to circumvent the plain statutory language employed by the Maryland legislature. As the material facts are not in dispute (indeed Plaintiff's Complaint at Paragraph 2 concedes the

Plaintiff's non-residency status), it is the Defendant's position that this litigation is ripe for resolution by way of dispositive motion.

K.  **Trial Date:**

The parties do not believe that it is necessary to set a trial date at this time, and suggest that this issue be revisited after the Court's decision on dispositive motions, if necessary.

                                      Respectfully submitted,

_____
James H. Hulme, Bar No. 00875
Deanne M. Ottaviano, Bar No. 15659
ARENT FOX KINTNER PLOTKIN &
KAHN, PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5339
Ph:  (202) 857-6000
Fax: (202) 857-6395

Counsel for Plaintiff

        -and-

_____
Albert J. Mezzanotte, Jr., Bar No. 00197
Edward M. Buxbaum, Bar No. 05015
WHITEFORD, TAYLOR & PRESTON,
L.L.P.
Seven Saint Paul Street
Baltimore, Maryland  21202-1626
Ph: (410) 347-8700
Fax:  (410) 752-7092

Counsel for Defendant

Dated: March 3, 2003
1476646