PROPERTY AND CASUALTY INSURANCE GUARANTY CORPORATION
305 WASHINGTON AVE.  SUITE 600
TOWSON, MARYLAND 21204-6304
08/02/1993


NOTICE AND INVOICE FOR ASSESSMENT APPROVED AT THE ANNUAL
MEETING OF THE BOARD OF DIRECTORS ON JUNE 8, 1993


BILLING FOR : AMERICAN DRUGGISTS          MIDLAND INS CO
              AMERICAN MUTUAL INS          MISSION INS CO
              AMERICAN MUTUAL LIAB         TRANSIT CASUALTY
              CARRIERS INS CO              WESTMORELAND CASUALTY
              IDEAL MUTUAL                 MISSION NATIONAL
              MARYLAND INDEMNITY INS       ROCKWOOD
                                           WESTERN EMPLOYERS


THE PRESIDENT                         NAIC NO: 35718
PHICO INSURANCE COMPANY
ONE PHICO DRIVE
P.O. BOX 85
MECHANICSBURG          PA   17055


| ACCOUNT NUMBER | 1992 NET DIRECT MARYLAND PREMIUMS | RATE OF ASSESSMENT | AMOUNT OF ASSESSMENT |
|---|---|---|---|
| 03 WORKERS COM | $2,320,293 | 0.011910 | $27,635 |
| | | TOTAL DUE | $27,635 |

$13,817 IS DUE ON OR BEFORE AUGUST 30, 1993
$13,818 IS DUE ON OR BEFORE DECEMBER 1, 1993


PLEASE MAKE CHECKS PAYABLE TO THE CORPORATION.
RETAIN ORIGINAL COPY FOR YOUR RECORDS AND
RETURN ONE COPY WITH REMITTANCE.


Pd. 8/25/93          Pd. 11/23/93
ck. #48801           ck. #51694
$ 13,817.00          $ 13,818.00



EXHIBIT

A

**Property & Casualty Insurance**
# GUARANTY CORPORATION

| | | |
|---|---|---|
| TO | : | All Member Insurers of the Property & Casualty Insurance Guaranty Corporation who, in the year 1992, were licensed to transact business in the State of Maryland. |
| FROM | : | The Board of Directors of the Property & Casualty Insurance Guaranty Corporation |
| SUBJECT | : | Assessment |
| DATE: | : | August 3, 1993 |
| ENCLOSURE | : | Notice of Billing (in duplicate) |

The Board of Directors of the Property & Casualty Insurance Guaranty Corporation, at the Annual Meeting held on June 8, 1993, unanimously voted an assessment for Four Million Two Hundred Thousand ($4,200,000) Dollars, of member companies in accordance with Article 48A, Section 508 (a) (3) of the Maryland Annotated Code and Article VIII, Section (C) (Plan of Operation) of the By-Laws of the Property & Casualty Insurance Guaranty Corporation.

The total amount currently being billed is Four Million Two Hundred Thousand ($4,200,000) Dollars.

The percentage for each account as set out by Article 48A Section 506 (d) of the Maryland Annotated Code is as follows:

| | | |
|---|---|---|
| (01) | Title | (0%) |
| (02) | Motor Vehicle | (0%) |
| (03) | Workers' Compensation | (100%) |
| (04) | All Other | (0%) |

| Account | Amount of Assessment | 1992 Net Direct Premium Written | Rate of Assessment |
|---|---|---|---|
| Workers' Comp. | $4,200,000 | $352,896,882 | .011910 |

As set out in the Property & Casualty Insurance Guaranty Corporation Plan of Operation, Article VIII (E) (5), it is understood that the minimum assessment for any one member company shall not be less than $10.00.

305 Washington Avenue, Suite 600
Towson, Maryland 21204-6304
(410) 296-1620
Fax (410) 828-1265

(2)

The Current Billing is due and payable within thirty (30) days from the date of the "Notice of Billing".  Another billing will be due on December 1, 1993.

Make checks payable to:

> Property & Casualty Insurance Guaranty Corporation

Mail same to:

> 305 Washington Avenue Suite 600
> Towson, Maryland  21204-6304

Please retain the original of the "Notice of Billing".  Please make a copy of the "Notice of Billing" and return it with your remittance.

Thank you for your cooperation.

**PROPERTY AND CASUALTY INSURANCE GUARANTY CORPORATION**
**305 WASHINGTON AVENUE, SUITE 600**
**TOWSON, MARYLAND 21204-4715**

**August 15, 1994**

THE PRESIDENT
PHICO INSURANCE COMPANY
ONE PHICO DRIVE                                    **NAIC NUMBER : 35718**
P.O. BOX 85

**MECHANICSBURG**                    **PA    17055**

**NOTICE AND INVOICE FOR ASSESSMENT APPROVED AT THE ANNUAL**
**MEETING OF THE BOARD OF DIRECTORS ON JUNE 14, 1994**

BILLING FOR : AMERICAN DRUGGISTS              MIDLAND INS CO
              AMERICAN MUTUAL OF BOSTON        MISSION INS CO
              AMERICAN MUTUAL LIABILITY        TRANSIT CASUALTY
              CARRIERS INS CO                  WESTMORELAND CASUALTY
              IDEAL MUTUAL                     CONSOLIDATED MUTUAL
              MARYLAND INDEMNITY INS           ROCKWOOD
              EMPLOYER'S CASUALTY              WESTERN EMPLOYERS

| ACCOUNT NUMBER | 1993 NET DIRECT MARYLAND PREMIUMS | RATE OF ASSESSMENT | AMOUNT OF ASSESSMENT |
|---|---|---|---|
| 03 WORKER'S COMP | $724,736.00 | 0.011308 | $8,195.31 ✓ |

**$8,195.31 IS DUE ON OR BEFORE SEPTEMBER 15, 1994.**

PLEASE MAKE CHECKS PAYABLE TO THE CORPORATION.

RETAIN ONE COPY FOR YOUR RECORDS AND RETURN ONE COPY WITH REMITTANCE.

*pd. $8,195.31*
*Check #61465*
*9/8/94*



**Property & Casualty Insurance**
# GUARANTY CORPORATION

| | |
|---|---|
| TO: | All Member Insurers of the Property & Casualty Insurance Guaranty Corporation who, in the year 1993, were licensed to transact business in the State of Maryland. |
| FROM: | The Board of Directors of the Property & Casualty Insurance Guaranty Corporation |
| SUBJECT: | Assessment |
| DATE: | August 15, 1994 |
| ENCLOSURE: | Notice of Billing |

The Board of Directors of the Property & Casualty Insurance Guaranty Corporation, at the Annual Meeting held on June 14, 1994, unanimously voted an assessment for Four Million Dollars ($4,000,000), of member companies in accordance with Article 48A, Section 508 (a) (3) of the Maryland Annotated Code and Article VII, Section (C) (Plan of Operation) of the by-Laws of the Property & Casualty Insurance Guaranty Corporation.

The total amount currently being billed is Four Million Dollars ($4,000,000) .

The percentage for each account as set out by Article 48A, Section 506 (d) of the Maryland Annotated Code is as follows:

| | | |
|---|---|---|
| (01) | Title | (0%) |
| (02) | Motor Vehicle | (0%) |
| (03) | Workers' Compensation | (100%) |
| (04) | All Other | (0%) |

| ACCOUNT | AMOUNT OF ASSESSMENT | 1993 NET DIRECT WRITTEN PREMIUM | RATE OF ASSESSMENT |
|---|---|---|---|
| Workers' Comp. | $4,000,000 | $353,761,860 | .011308 |

As set out in the Property & Casualty Insurance Guaranty Corporation Plan of Operation, Article VIII (E) (5), it is understood that the minimum assessment for any one member company shall not be less than $10.00.

305 Washington Avenue, Suite 600
Towson, Maryland 21204-4715
(410) 296-1620
Fax (410) 828-1265

The current billing is due and payable within thirty (30) days from the date of the "Notice of Billing."

Make checks payable to:

      Property & Casualty Insurance Guaranty Corporation

Mail same to:

      Suite 600
      305 Washington Avenue
      Towson, Maryland 21204-4715

Please retain the original of the "Notice of Billing." Please make a copy of the "Notice of Billing" and return it with your remittance.

Thank you for your cooperation.

MEMO TO: FILE

FROM: DEB PRICE

DATE: DEC. 16, 1996

RE: ASSESSMENT

There was *no assessment* made for the year *1995*.

MEMO TO: FILE

FROM: DEB PRICE

DATE: DEC. 16, 1996

RE: ASSESSMENT

There was *no assessment* made for the year *1996*.

**MEMO TO:** File

**FROM:**    Deborah Price

**DATE:**    September 8, 1998

**RE:**     Server

There was *no assessment* made for the year *1997*.


EXHIBIT
B
ALL-STATE LEGAL®

Art. 48A, § 504   ANNOTATED CODE OF MARYLAND

33. MARYLAND INSURANCE GUARANTY ASSOCIATION

## § 504. Purposes and scope of subtitle.

(b) *Scope.* — This subtitle shall apply to all kinds of direct insurance, except life insurance, health insurance, and annuities. On July 1, 1975 all of the assets and obligations of every type and description of the Motor Vehicle Security Fund as of the close of business on June 30, 1975 shall be transferred to the Maryland Insurance Guaranty Association and administered through the appropriate account under § 506 of this subtitle. On July 1, 1981, all the assets and obligations of every type and description of the Workmen's Compensation Insolvency Fund at the close of business on June 30, 1981 shall be transferred to the Maryland Insurance Guaranty Association and administered through the appropriate account under § 506 of this subtitle. (1981, ch. 599.)

**Effect of amendment.** — The 1981 amendment, effective July 1, 1981, in subsection (b), deleted "workmen's compensation insurance" following "health insurance" in the first sentence, deleted commas following "1975" twice in the second sentence, and added the last sentence.

As the remainder of the section was not affected by the amendment, it is not set forth above.

**Association is agency or instrumentality of State within scope of Public Information Act.** — The Maryland Insurance Guaranty Association's existence depends upon the General Assembly; it serves a public purpose, its management is selected by the Commissioner, and is not self-perpetuating; it does not independently manage its affairs or enforce its regulations; its decisions may be reversed by the Commissioner; and it enjoys a special tax and liability status such that, although the State does not exercise control over all aspects of MIGA's operation, nevertheless, the degree of control exercised by the State over MIGA's operation indicates that MIGA is an agency or instrumentality of the State within the scope of the Public Information Act. A.S. Abell Publishing Co. v. Mezzanote, 297 Md. 26, 464 A.2d 1068 (1983).

## § 505. Definitions.

As used in this subtitle:

(c) "*Covered claims*" means obligations, including unearned premiums, of an insolvent insurer which (1) arise out of the insurance policy contracts of the insolvent insurer issued to residents of this State or which are payable to residents of this State on behalf of insureds of the insolvent insurer, (2) were unpaid by the insolvent insurer, (3) are presented as a claim to the receiver in this State or the Association on or before the last date fixed for the filing of claims in the domiciliary delinquency proceedings, (4) were incurred or existed prior to, on, or within 30 days after the date the receiver was appointed, and (5) arise out of policy contracts of the insolvent insurer issued for the kinds of insurance to which this subtitle applies. "Covered claim" does not include any amount due any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise. No insurer shall assert a claim of subrogation against an insured of an insolvent company but may assert any claim it may have against the receiver of the insolvent insurer.

1985 CUMULATIVE SUPPLEMENT   Art. 48A, § 506

(d) "*Insolvent insurer*" means (1) an insurer authorized to transact insurance in this State either at the time the policy was issued or when the insured event occurred, and (2) against whom a final order of liquidation, with a finding of insolvency, has been entered by a court of competent jurisdiction in the insurer's state of domicile. (1979, chs. 232, 437.)

**Effect of amendments.** — Chapter 437, Acts 1979, effective July 1, 1979, added the last sentence in paragraph (c).

Chapter 232, Acts 1979, effective July 1, 1979, rewrote clause (2) in paragraph (d).

As the remainder of the section was not affected by the amendments, only the introductory paragraph and paragraphs (c) and (d) are set forth above.

**Quoted** in A.S. Abell Publishing Co. v. Mezzanote, 297 Md. 26, 464 A.2d 1068 (1983).

## § 506. Association created; membership; division into separate accounts.

There is created a nonprofit unincorporated legal entity to be known as the Maryland Insurance Guaranty Association. All insurers defined as member insurers in § 505 (e) shall be and remain members of the Association as a condition of their authority to transact insurance in this State. The Association shall perform its functions under a plan of operation established and approved under § 509 and shall exercise its powers through a board of directors established under § 507. For purposes of administration and assessment, the Association shall be divided into six separate accounts: (1) the title insurance account; (2) the surety insurance account; (3) wet marine and transportation insurance account; (4) motor vehicle insurance account; (5) the workmen's compensation account; and (6) the account for all other insurance to which this subtitle applies. (1971, ch. 703, § 1; 1975, ch. 651, § 2; ch. 764; 1981, ch. 599.)

**Effect of amendment.** — The 1981 amendment, effective July 1, 1981, in the last sentence, substituted "six" for "five," inserted item (5) and redesignated former item (5) as item (6).

**Association is agency or instrumentality of State within scope of Public Information Act.** — The Maryland Insurance Guaranty Association's existence depends upon the General Assembly; it serves a public purpose, its management is selected by the Commissioner, and is not self-perpetuating; it does not independently manage its affairs or enforce its regulations; its decisions may be reversed by the Commissioner; and it enjoys a special tax and liability status such that, although the State does not exercise control over all aspects of MIGA's operation, nevertheless, the degree of control exercised by the State over MIGA's operation indicates that MIGA is an agency or instrumentality of the State within the scope of the Public Information Act. A.S. Abell Publishing Co. v. Mezzanote, 297 Md. 26, 464 A.2d 1068 (1983).

**Association is not maintained by the State.** National Grange Mut. Ins. Co. v. Pinkney, 284 Md. 694, 399 A.2d 877 (1979).

**:o others.**

ided in this subtitle
er powers, remedies,
1969, ch. 173.)


reof to any person or
:t other provisions or
without the invalid
ns of this subtitle are


vith this subtitle are
ency. (1969, ch. 173.)


rY CORPORATION


provide a mechanism
nsurance policies and
claimants or policy-
me insolvent; and to
nd protection among


, insurer insolvency,


ect insurance, except
ly 1, 1975 all of the
if the Motor Vehicle
5 shall be transferred
oration and adminis-
s subtitle. On July 1,
scription of the Work-
ousiness on June 30,
Insurance Guaranty
account under § 506
31, ch. 599; 1986, chs.

---

**Effect of amendments.** — Chapter 161, Acts 1986, effective July 1, 1986, deleted "to assist in the detection and prevention of insurer insolvencies" in paragraph (1) of subsection (a) as designated herein and substituted "Property and Casualty Insurance Guaranty Corporation" for "Maryland Insurance Guaranty Association" in the subtitle 33 heading, and substituted "Property and Casualty Insurance Guaranty Corporation" for "Maryland Insurance Guaranty Association" twice in subsection (b).

Chapter 440, Acts 1986, approved May 6, 1986, and effective from date of passage, designated the provisions of subsection (a) as paragraph (1), inserted "residents of Maryland who are" and "including surety, which has become insolvent" and deleted "because of the insolvency" following "policyholders" therein, and added paragraph (2).

**Editor's note.** — Section 2, ch. 440, Acts 1986, provides that "any amounts in the surety insurance account and the wet marine and transportation account on July 1, 1985 shall be transferred to the account for all other insurance created under § 506 (d) (3) of Article 48A of the Code by this act."

**Maryland Law Review.** — For article, "Survey of Developments in Maryland Law, 1983-84," see 44 Md. L. Rev. 282 (1985).

**Legislature intended that Association take over function of the Motor Vehicle Security Fund** beginning on July 1, 1971. 57 Op. Att'y Gen. 306 (1972).

**Association is agency or instrumentality of State within scope of Public Information Act.** — The Maryland Insurance Guaranty Association's existence depends upon the General Assembly; it serves a public purpose, its management is selected by the Commissioner, and is not self-perpetuating; it does not independently manage its affairs or enforce its regulations; its decisions may be reversed by the Commissioner; and it enjoys a special tax and liability status such that, although the State does not exercise control over all aspects of MIGA's operation, nevertheless, the degree of control exercised by the State over MIGA's operation indicates that MIGA is an agency or instrumentality of the State within the scope of the Public Information Act. A.S. Abell Publishing Co. v. Mezzanote, 297 Md. 26, 464 A.2d 1068 (1983).

## § 505. Definitions.

As used in this subtitle:

(a) *"Account"* means any one of the four accounts created by § 506 of this subtitle.

(b) *"Association"* means the Property and Casualty Insurance Guaranty Corporation created under § 506 of this subtitle.

(c) (1) *"Covered claims"* means obligations, including unearned premiums, of an insolvent insurer which:

(i) 1. Arise out of the insurance policy contracts of the insolvent insurer issued to residents of this State or which are payable to residents of this State on behalf of insureds of the insolvent insurer; or

2. Arise out of surety bonds issued by the insolvent insurer for the protection of third parties, who are residents of this State;

(ii) Were unpaid by the insolvent insurer;

(iii) Are presented as a claim to the receiver in this State or the Association on or before the last date fixed for the filing of claims in the domiciliary delinquency proceedings;

(iv) 1. Except for surety bond claims, were incurred or existed prior to, on, or within 30 days after the determination of insolvency; or

2. For surety bond claims arising under surety bonds issued by a domestic insurer were incurred or existed prior to, on, or within 18 months after the determination of insolvency, whether or not the surety bonds are issued for no stated period or for a stated period; and

(v) Arise out of policy contracts or surety bonds of the insolvent insurer issued for the kinds of insurance to which this subtitle applies.

627



EXHIBIT
C
ALL-STATE LEGAL®

**Art. 48A, § 505**   Annotated Code of Maryland

(2) "Covered claim" does not include any amount due any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise. No insurer shall assert a claim of subrogation against an insured of an insolvent insurance company but may assert any claim it may have against the receiver of the insolvent insurance company.

(d) *"Insolvent insurer"* means:

(1) An insurer authorized to transact insurance or authorized to issue surety bonds in this State either at the time the policy or surety bond was issued or when the event giving rise to the claim occurred; and

(2) Against whom a final order of liquidation, with a finding of insolvency, has been entered by a court of competent jurisdiction in the state of domicile of the insurer.

(e) (1) *"Member insurer"* means any insurer which:

(i) Writes any kind of insurance to which this subtitle applies under § 504 of this subtitle including the exchange of reciprocal or interinsurance contracts; and

(ii) Is licensed to transact insurance in this State.

(2) "Member insurer" includes the Maryland Automobile Insurance Fund.

(f) (1) *"Net direct written premiums"* means direct gross premiums written in this State on insurance policies or surety bonds to which this subtitle applies, less return premiums thereon and dividends paid or credited to policyholders, or principals or obligees of surety bonds on such direct business.

(2) "Net direct written premiums" does not include premiums on contracts between insurers or reinsurers, or premiums received by insurers under the Maryland Property Insurance Availability Act.

(g) (1) *"Surety bond"*, *"surety"*, and *"suretyship"* mean insurance that guarantees the performance of contracts, other than insurance policies, and guarantee and execute bonds, undertakings, and contracts of suretyship.

(2) "Surety bond", "surety", and "suretyship" do not include mortgage guaranty, financial guaranty, or other forms of insurance offering protection against investment risks.

(h) *"Resident"* means:

(1) An individual domiciled in this State;

(2) In the case of a corporation or other entity that is not a natural person, a corporation or entity whose principal place of business is in this State. (1971, ch. 703, § 1; 1975, ch. 651, § 2; ch. 764; 1976, ch. 776; 1979, chs. 232, 437; 1986, chs. 161, 440.)

**Effect of amendments.** — Chapter 161, Acts 1986, effective July 1, 1986, substituted "Property and Casualty Insurance Guaranty Corporation" for "Maryland Insurance Guaranty Association" in subsection (b).

Chapter 440, Acts 1986, approved May 6, 1986, and effective from date of passage, in paragraph (a), substituted "four" for "five" and added "of this subtitle", in paragraph (b), added "of this subtitle", rewrote paragraphs (c), (d), and (e), in paragraph (f) designated the first sentence as subparagraph (1), inserted "or surety bonds" and "or principals or obligees of surety bonds" therein, designated the second sentence in subparagraph (2), and added paragraphs (g) and (h).

**Editor's note.** — Section 2, ch. 440, Acts 1986, provides that "any amounts in the surety insurance account and the wet marine and transportation account on July 1, 1985 shall be

transferred to the a
ance created under
of the Code by thi
**Legislature inte**
surance Guaranty
**plied retrospectiv**
ing from insured e
to July 1, 1971 are
claims" as defined
Att'y Gen. 306 (19

**§ 506. Corp**

(a) *Creation.*
which shall be
Corporation.

(b) *Members.*
subtitle shall t
their authority

(c) *Plan of o*
tions under a p
subtitle and sh
under § 507 o

(d) *Accounts*
ration shall be
account; (2) the
tion account; a
applies.

(e) *Powers,*
wise provided
and immunitie
visions of the

(f) *Corporat*
Corporation is
instrumentalit
and liabilities
claims, obligat
its agencies,
moneys may
State may not
poration, and
may not be co
ch. 703, § 1;

**Effect of am**
Acts 1986, effect
the provisions of
inserted "private,
tion which shall

.e any reinsurer, in-
.brogation recoveries
ation against an in-
rt any claim it may
:ompany.

authorized to issue
· or surety bond was
:urred; and
inding of insolvency,
1e state of domicile of

: applies under § 504
· interinsurance con-

bile Insurance Fund.
)ss premiums written
) which this subtitle
id or credited to poli-
such direct business.
:emiums on contracts
)y insurers under the

nean insurance that
surance policies, and
racts of suretyship.
clude mortgage guar-
e offering protection

iot a natural person, a
s in this State. (1971,
; 1979, chs. 232, 437;

aragraph (f) designated the
)paragraph (1), inserted "or
'or principals or obligees of
3in, designated the second
igraph (2), and added para-

- Section 2, ch. 440, Acts
"any amounts in the surety
and the wet marine and
unt on July 1, 1985 shall be

transferred to the account for all other insur-
ance created under § 506 (d) (3) of Article 48A
of the Code by this act."

**Legislature intended that Maryland In-
surance Guaranty Association Act be ap-
plied retrospectively,** insofar as claims aris-
ing from insured events which occurred prior
to July 1, 1971 are to be considered "covered
claims" as defined by paragraph (c). 57 Op.
Att'y Gen. 306 (1972).

Maryland Automobile Insurance Fund is
properly regarded as "member insurer" of
the Maryland Insurance Guaranty Associa-
tion. 60 Op. Att'y Gen. 394 (1975).

**Quoted** in A.S. Abell Publishing Co. v.
Mezzanote, 297 Md. 26, 464 A.2d 1068 (1983).

**Stated** in Maryland Ins. Guar. Ass'n v.
Muhl, 66 Md. App. 359, 504 A.2d 637 (1986).

## § 506. Corporation created; membership; division into separate accounts.

(a) *Creation.* — There is created a private, nonprofit, nonstock corporation which shall be known as the Property and Casualty Insurance Guaranty Corporation.

(b) *Members.* — All insurers defined as member insurers in § 505 (e) of this subtitle shall be and remain members of the Corporation as a condition of their authority to transact insurance in this State.

(c) *Plan of operation; directors.* — The Corporation shall perform its functions under a plan of operation established and approved under § 509 of this subtitle and shall exercise its powers through a board of directors established under § 507 of this subtitle.

(d) *Accounts.* — For purposes of administration and assessment, the Corporation shall be divided into four separate accounts: (1) the title insurance account; (2) the motor vehicle insurance account; (3) the workmen's compensation account; and (4) the account for all other insurance to which this subtitle applies.

(e) *Powers, privileges and immunities of corporation.* — Except as otherwise provided in this subtitle, the Corporation has all the powers, privileges, and immunities including perpetual existence, granted by the applicable provisions of the Corporations and Associations Article.

(f) *Corporation not deemed department, unit, agency, etc. of State.* — The Corporation is not and may not be deemed a department, unit, agency, or instrumentality of the State for any purpose. All debts, claims, obligations, and liabilities of the Corporation, whenever incurred, shall be the debts, claims, obligations, and liabilities of the Corporation only and not of the State, its agencies, instrumentalities, officers, or employees. The Corporation moneys may not be considered part of the General Fund of the State. The State may not budget for or provide General Fund appropriations to the Corporation, and the debts, claims, obligations, and liabilities of the Corporation may not be considered to be a debt of the State or a pledge of its credit. (1971, ch. 703, § 1; 1975, ch. 651, § 2; ch. 764; 1981, ch. 599; 1986, chs. 161, 440.)

**Effect of amendments.** — Chapter 161, Acts 1986, effective July 1, 1986, designated the provisions of the section as subsection (a), inserted "private, nonprofit, nonstock corporation which shall" and substituted "Property Casualty Insurance Guaranty Corporation" for "Maryland Insurance Guaranty Association" in the first sentence therein, substituted "Corporation" for "Association" in subsections (b) through (d) as designated herein, made

[Ch. 649

00] is imposed
ment for any
gregate amount
son presenting
cost of its
O 10 PERCENT
GREATER]].

. That this Act

llation

rance policies
otice to the
contract may be
in a certain
tten notice to
rata premium
oviding for an
he approval of
iding for an

lement)

AL ASSEMBLY OF
s hereby added
otated Code of
Supplement) to

MARVIN MANDEL, Governor                                2997

(A)  EACH  LIFE INSURANCE POLICY OR ANNUITY CONTRACT
SUBJECT  TO  THIS  SUBTITLE  SHALL  HAVE  ATTACHED  OR
PROMINENTLY PRINTED ON THE FACE OF THE POLICY OR CONTRACT
THE FOLLOWING INFORMATION:

(1)   A  NOTICE  TO  THE  POLICYHOLDER  THAT,
DURING THE PERIOD OF TEN DAYS FROM THE DATE THE POLICY OR
CONTRACT IS DELIVERED TO  THE  POLICYHOLDER,  IT  MAY  BE
SURRENDERED  TO  THE  INSURER FOR CANCELLATION, AND A PRO
RATA PREMIUM FOR THE UNEXPIRED TERM OF THE  POLICY  SHALL
BE  RETURNED  TO  THE  POLICYHOLDER.  THE NOTICE SHALL BE
GIVEN TO THE INSURER IN WRITING; OR

(2)   A  NOTICE TO THE  POLICYHOLDER  WHICH  IS
SIMILAR  TO  THE  NOTICE  CONTAINED  IN PARAGRAPH (1) AND
WHICH, IN THE OPINION OF THE COMMISSIONER,  IS  NOT  LESS
FAVORABLE TO THE POLICYHOLDER.

(B)  THIS  SECTION  SHALL  NOT  APPLY TO POLICIES OR
CONTRACTS ISSUED TO AN EMPLOYEE IN  CONNECTION  WITH  THE
FUNDING  OF  A PENSION,  ANNUITY OR PROFIT SHARING PLAN,
QUALIFIED OR EXEMPT UNDER SECTION 401, 403, 404 OR 501 OF
THE UNITED  STATES  INTERNAL  REVENUE  CODE  OF  1954  IF
PARTICIPATION IN THE PLAN IS A CONDITION OF EMPLOYMENT.

SECTION 2.  AND BE IT FURTHER ENACTED, That this Act
shall take effect July 1, 1975.

Approved May 15, 1975.

_____

CHAPTER 651

(House Bill 148)

AN ACT concerning

Insurance — Motor Vehicle Security Fund

FOR the purpose of abolishing the Motor Vehicle  Security
Fund and transferring its assets, claims, and duties
to the  Maryland  Insurance  Guaranty  Association;
clarifying definitions; eliminating the  requirement
that  board  selections for the Association be
submitted to the Insurance Commission; eliminating
the  requirement  that the Insurance Commissioner be
and remain a member of the Board of Directors of the
Maryland Insurance Guaranty Association and be  its
Chairman; and correcting certain language.



2998                    LAWS OF MARYLAND          [Ch. 651

BY repealing

       Article 48A — Insurance Code
       Section 482A
       Annotated Code of Maryland
       (1972 Replacement Volume and 1974 Supplement)


BY repealing and re-enacting, with amendments,

       Article 48A — Insurance Code
       Section   504(b),   505(c),   506,   507(a)   and   (c),
           508(a)(1) and 509(c)
       Annotated Code of Maryland
       (1972 Replacement Volume and 1974 Supplement)


     SECTION 1.  BE IT ENACTED BY THE GENERAL ASSEMBLY OF
MARYLAND, That Section 482A of Article 48A — Insurance
Code, of the Annotated Code of Maryland (1972 Replacement
Volume and 1974 Supplement) be and it is hereby repealed.


     SECTION 2.  AND BE IT FURTHER ENACTED, That Sections
504(b), 505(c), 506, 507(a) and (c), 508(a)(1) and 509(c)
of Article 48A — Insurance Code, of the Annotated Code of
Maryland (1972 Replacement Volume and 1974 Supplement) be
and  they  are  hereby  repealed  and  re-enacted,  with
amendments, to read as follows:

             Article 48A — Insurance Code

504.

     (b)   This subtitle shall  apply  to  all  kinds  of
direct   insurance,   except   life   insurance,   health
insurance, workmen's compensation insurance[, annuities,
and  Motor  Vehicle  Security Fund covered under § 482A of
Article 48A.  The present Motor Vehicle Security Fund  as
a  preassessment  fund will be phased out of existence as
its current funds are depleted and its functions shall be
assumed by the appropriate account.] AND ANNUITIES.  [[ON
JULY 1, 1975, ALL OF THE ASSETS OF EVERY TYPE AND
DESCRIPTION,  HELD  BY  OR  FOR  THE BENEFIT OF THE MOTOR
VEHICLE SECURITY FUND AS OF THE CLOSE OF BUSINESS ON JUNE
30, 1975, SHALL BE  TRANSFERRED  TO  THE  CREDIT  OF  THE
MARYLAND INSURANCE GUARANTY ASSOCIATION.  ALL CLAIMS
AGAINST THE MOTOR VEHICLE SECURITY FUND AS  OF  JUNE  30,
1975 SHALL  BE  TRANSFERRED TO AND BECOME CLAIMS AGAINST
THE MARYLAND INSURANCE GUARANTY ASSOCIATION.]] ON JULY 1,
1975, ALL OF THE ASSETS AND OBLIGATIONS OF EVERY TYPE AND
DESCRIPTION OF THE MOTOR VEHICLE SECURITY FUND AS OF THE
CLOSE  OF BUSINESS ON JUNE 30, 1975, SHALL BE TRANSFERRED

TO THE MARYLA
ADMINISTERED
SECTION 506 OF

505.

     As used in

     (c)   ["Co
including  one
and is within t
applicable lim
subtitle applie
becomes  an ins
the claimant or
the  time  of t
which the claim
state.  "Cover
any  reinsurer,
association, as
"COVERED  CLAIM
PREMIUMS, OF AN
THE  INSURANCE
ISSUED TO RESID
RESIDENTS OF TH
INSOLVENT  INSU
INSURER, (3) AR
THIS  STATE OR
FIXED  FOR  THE
DELINQUENCY  PR
PRIOR TO, ON, C
RECEIVER  WAS
CONTRACTS OF TH
OF  INSURANCE
CLAIM" DOES NOT
INSURER,  INSUI
SUBROGATION REC

506.

     There is
entity  to  be
Association.
§ 505(e) shall
as  a  conditic
in  this State
functions unde
approved under
through  a  boa
For  purposes
Association  s
accounts:  (1)
surety   insu
transportation

[Ch. 651

plement)

nts,

7(a)  and  (c),

plement)

RAL ASSEMBLY OF
A — Insurance
972 Replacement
ereby repealed.

, That Sections
) (1) and 509(c)
notated Code of
 Supplement) be
-enacted, with

 all kinds of
rance,  health
e[, annuities,
under § 482A of
curity Fund  as
of existence as
ctions shall be
NNUITIES. [[ON
VERY TYPE AND
IT OF THE MOTOR
USINESS ON JUNE
CREDIT OF THE
. ALL CLAIMS
OF JUNE 30,
CLAIMS AGAINST
N.]] ON JULY 1,
EVERY TYPE AND
FUND AS OF THE
BE TRANSFERRED

TO THE MARYLAND INSURANCE GUARANTY ASSOCIATION AND ADMINISTERED THROUGH THE APPROPRIATE ACCOUNT UNDER SECTION 506 OF THIS SUBTITLE.

505.

   As used in this subtitle:

   (c)  ["Covered claim" means an unpaid claim, including one of unearned premiums, which arises out of and is within the coverage, and not in excess of the applicable limits of an insurance policy to which this subtitle applies, issued by an insurer, if such insurer becomes an insolvent insurer after July 1, 1971, and (1) the claimant or insured is a resident of this State at the time of the insured event; or (2) the property from which the claim arises is permanently located in this State.  "Covered claim" shall not include any amount due any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise.] "COVERED CLAIMS" MEANS OBLIGATIONS, INCLUDING UNEARNED PREMIUMS, OF AN INSOLVENT INSURER WHICH (1) ARISE OUT OF THE INSURANCE POLICY CONTRACTS OF THE INSOLVENT INSURER ISSUED TO RESIDENTS OF THIS STATE OR WHICH ARE PAYABLE TO RESIDENTS OF THIS STATE ON BEHALF OF INSUREDS OF THE INSOLVENT INSURER, (2) WERE UNPAID BY THE INSOLVENT INSURER, (3) ARE PRESENTED AS A CLAIM TO THE RECEIVER IN THIS STATE OR THE ASSOCIATION ON OR BEFORE THE LAST DATE FIXED FOR THE FILING OF CLAIMS IN THE DOMICILIARY DELINQUENCY PROCEEDINGS, (4) WERE INCURRED OR EXISTED PRIOR TO, ON, OR WITHIN 30 DAYS AFTER THE DATE THE RECEIVER WAS APPOINTED, AND (5) ARISE OUT OF POLICY CONTRACTS OF THE INSOLVENT INSURER ISSUED FOR THE KINDS OF INSURANCE TO WHICH THIS SUBTITLE APPLIES. "COVERED CLAIM" DOES NOT INCLUDE ANY AMOUNT DUE ANY REINSURER, INSURER, INSURANCE POOL, OR UNDERWRITING ASSOCIATION, AS SUBROGATION RECOVERIES OR OTHERWISE.

506.

   There is created a nonprofit unincorporated legal entity to be known as the Maryland Insurance Guaranty Association.  All insurers defined as member insurers in § 505(e) shall be and remain members of the Association as a condition of their authority to transact insurance in this State.  The Association shall perform its functions under a plan of operation established and approved under § 509 and shall exercise its powers through a board of directors established under § 507. For purposes of administration and assessment, the Association shall be divided into [three] FOUR separate accounts: (1) the title insurance account; (2) the surety insurance account; (3) wet marine and transportation insurance account; and (4) the account for