IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

MANOR CARE OF AMERICA                    *

     Plaintiff                              *

v.                                       *   Civil Court Action No:      L-02-CV-4206

PROPERTY & CASUALTY INSURANCE   *
GUARANTY CORPORATION

     Defendant                              *

    *   *   *   *   *   *     *   *   *   *   *

**PROPERTY & CASUALTY INSURANCE GUARANTY
CORPORATION'S MOTION TO FILE A SURREPLY**

Now comes Defendant, Property & Casualty Insurance Guaranty
Corporation (hereinafter "PCIGC") by its undersigned counsel, and hereby moves,
pursuant to Local Rule 105.2, for permission to file a limited surreply, and as grounds
therefore, states as follows:

1.     As this Court has recently made clear, the filing of a surreply is
appropriate when the moving party "would be unable to contest matters presented to
the Court for the first time in the opposing party's reply." *Kroury v. Meserve*, 260 F.
Supp. 2nd 600, 605 (D. Md. 2003).  In this case, Manor Care raised for the first time in its
Reply its alleged compliance with the Certificate of good faith mandated by both
Federal Rule of Civil Procedure 37(a) and Local Rule 104.7.  Having deprived the
Defendant of the opportunity to address Plaintiff's purported compliance with the

certificate requirement, fundamental fairness dictates that the Defendant be permitted to brief this issue in a surreply.

2.     By way of background, Plaintiff filed a Motion to Compel and for Sanctions grounded upon the notion that defense counsel's instructions not to answer a limited number of questions at the deposition of PCIGC employee Deborah Price were improper and further, that the manner of defense counsel's assertion of these objections warranted the imposition of sanctions.

3.     Notwithstanding the obligations set forth in this Court's discovery guidelines which require that all discovery disputes be brought to the Court's attention "promptly" (see Local Discovery Guideline 1.d), Plaintiff's counsel apparently believed that there was some tactical advantage to waiting until after both the discovery cutoff had lapsed and the Defendant had moved for summary judgment to raise these matters with the Court.  Indeed, the Motion to Compel and for Sanctions was not filed until two months after the deposition in question.

4.     As the Defendant made clear in its Opposition, not only was the Motion to Compel thus not timely brought to the Court's attention as required by the applicable discovery guidelines; not only were the limited instructions not to answer certain questions entirely appropriate given Plaintiff's counsel's blatant violation of the previously agreed upon (and Court approved) limited scope of discovery; but as a threshold matter, the Motion could not be considered by the Court because Plaintiff had failed to participate in any attempt, much less a good faith attempt, to resolve the purported dispute.  As such, it was not surprising that the Motion to Compel and for

Sanctions did not contain the requisite certificate mandated by both Local Rule 104.7 and Federal Rule of Civil Procedure 37(a). (See also Local Discovery Guideline 1.d). As the Defendant pointed out in its Opposition, Local Rule 104.7 unambiguously provides that "[t]he Court <u>will not consider</u> any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, the names of all persons participating therein and any issues remaining to be resolved or (b) counsel's attempts to hold such a conference without success." (emphasis added)

5.      Apparently realizing for the first time after reading the Defendant's Opposition that Plaintiff's counsel's failure to both participate in a discovery conference and include the requisite certificate with Plaintiff's Motion doomed the attempt to obtain the relief sought, Plaintiff's Reply included for the first time a "Certificate of Conference".

6.      Specifically, Plaintiff's counsel certified to this Court that he engaged in the requisite good faith discussions on the record at the deposition of Deborah Price and therefore, satisfied his obligation under the applicable rules.

7.      Contrary to the information set forth in Plaintiff's certificate, the transcript of the deposition of Ms. Price makes clear that not only didn't Manor Care's counsel engage in such good faith discussions, he flatly refused to participate in any discussions notwithstanding several requests to do so by counsel for PCIGC. Price Deposition at pp. 59-60. Moreover, notwithstanding the allegedly critical nature of the information Plaintiff now seeks from PCIGC, no explanation is provided by Plaintiff as

to why its counsel made no attempt to resolve the dispute or bring the matter to the Court's attention for two months.

        8.    In sum, having raised for the first time in its Reply Plaintiff's counsel's purported compliance with his obligations as mandated by both Federal Rule of Civil Procedure 37(a) and Local Rule 104.7, fundamental fairness dictates that the Defendant should be permitted to address with the Court Plaintiff's inadequate, untimely and factually erroneous certificate. Accordingly, the Defendant respectfully requests that this Court grant its Motion to File a Surreply limited to the issues raised in this Motion.

        Respectfully submitted,


_____/s/_____
Albert J. Mezzanotte, Jr., Bar No. 00197
Edward M. Buxbaum, Bar No. 05015
Whiteford, Taylor & Preston L.L.P.
Wachovia Tower – Suite 1200
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Attorney for Defendant,
Property & Casualty Insurance
Guaranty Corporation

1520918