2003 WL 22208414
--- P.3d ---
**(Cite as: 2003 WL 22208414 (Colo.App.))**

Only the Westlaw citation is currently available.

NOTICE: THIS OPINION HAS NOT BEEN
RELEASED FOR PUBLICATION IN THE
PERMANENT LAW REPORTS. A PETITION
FOR REHEARING IN THE COURT OF
APPEALS OR A PETITION FOR CERTIORARI
IN THE SUPREME COURT MAY BE PENDING.

Colorado Court of Appeals,
Div. I.

William MIDBOE, Petitioner,
v.
INDUSTRIAL CLAIM APPEALS OFFICE OF
THE STATE of Colorado and Pinnacol
Assurance, Respondents.

**No. 03CA0159.**

Sept. 25, 2003.

Workers' compensation claimant appealed from a
final order of the Industrial Claim Appeals Office
(Panel), calculating his average weekly wage
(AWW) and awarding him benefits for a
work-related injury. The Court of Appeals, Ney, J.,
held that claimant was not entitled to have amount
he paid toward cost of his health and dental
insurance added to his AWW.

Affirmed.

**[1] Workers' Compensation** ☞831

413k831 Most Cited Cases

Workers' compensation claimant who remained
employed and enrolled in employer's health and
dental insurance plans was not entitled to have
amount he paid toward cost of his medical and
dental insurance added to his average weekly wage
(AWW); provision of workers' compensation statute
defining wages allowed inclusion of employee's cost
of health insurance in calculation of AWW only
when employee continued coverage at his or her
own expense. West's C.R.S.A. § 8-40-201(19)(b).

**[2] Statutes** ☞190
361k190 Most Cited Cases

**[2] Statutes** ☞214
361k214 Most Cited Cases

If a statute is fairly susceptible of more than one
interpretation, it is ambiguous, and the court must
look to other extrinsic factors, such as the statutory
context, the consequences of a particular
construction, and the legislative history.

**[3] Statutes** ☞188
361k188 Most Cited Cases

**[3] Statutes** ☞192
361k192 Most Cited Cases

Words or phrases in a statute that have acquired a
technical or particular meaning, whether by
legislative definition or otherwise, must be
construed in accordance with the acquired meaning.

**[4] Statutes** ☞214
361k214 Most Cited Cases

**[4] Statutes** ☞223.2(.5)
361k223.2(.5) Most Cited Cases

A court construing words or phrases in a statute
may look outside the statute to related sources for
the definition of an applicable term and must
attempt to harmonize other statutes relating to the
same subject matter.

**[5] Statutes** ☞219(9.1)
361k219(9.1) Most Cited Cases

Court of Appeals gives deference to the Industrial
Claim Appeals Office's (Panel's) interpretation of
workers' compensation statute defining term
"wages" because the Panel is the agency charged
with its enforcement, and Court of Appeals will set
it aside only if it is inconsistent with the clear
language of the statute or with the legislative intent.
West's C.R.S.A. § 8-40- 201(19)(b).

**[6] Workers' Compensation** ☞1095
413k1095 Most Cited Cases

Court of Appeals is not bound by decisions of the
Industrial Claim Appeals Office (Panel) in other

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

2003 WL 22208414                                                         Page 2
--- P.3d ---
**(Cite as: 2003 WL 22208414 (Colo.App.))**

cases.

**[7] Workers' Compensation ☜831**
413k831 Most Cited Cases

For purposes of calculating claimant's average weekly wage (AWW) under workers' compensation statute, claimant's "wages" include the cost of claimant's health insurance only when claimant has continued employer's coverage at his or her own cost pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) or its state equivalent, and thereafter, when that coverage ends and the claimant has converted to other coverage. 42 U.S.C.A. § 300bb-1 et seq.; West's C.R.S.A. §§ 8-40-201(19)(b), 10-16-108.
Industrial Claim Appeals Office of the State of Colorado, WC No. 4-495-463.

Koncilja & Koncilja, P.C., Lawrence D. Saunders, Pueblo, Colorado, for Petitioner.

Ken Salazar, Attorney General, Y.E. Scott, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Michael J. Steiner, Brandee Defalco Galvin, Denver, Colorado, for Respondent Pinnacol Assurance.

Opinion by Judge NEY.

*1 In this workers' compensation proceeding, William Midboe (claimant) seeks review of the calculation of his average weekly wage (AWW) entered as part of the final order of the Industrial Claim Appeals Office (Panel) awarding him benefits. We affirm.

Claimant sustained an industrial injury in 2000 while employed by the State of Colorado (employer). Although he suffered both a temporary and permanent disability, he continues to work for employer.

Before and after to the injury, claimant received health and dental insurance as a benefit of employment. Claimant paid $258.76 per month for his share of the health insurance premium and $42.50 per month for his share of the dental

insurance premium. Employer paid the remaining portion of the premiums. Following a rate increase in 2002, claimant's contribution increased to $304.26 per month for the health insurance premium and decreased to $20.66 for the dental insurance premium. Including these amounts would have increased his AWW from $678 to $747.52 and then, after the rate increase, to $752.98.

[1] The issue presented for review is whether the amount claimant pays as his share of the premium for group health and dental insurance coverage must be included in the calculation of his AWW. The administrative law judge (ALJ) agreed with claimant that his insurance cost should be included in the calculation of his AWW. However, the Panel determined that the ALJ misconstrued the pertinent statute and that, as long as the employer continued to pay a portion of the premium, claimant's AWW should not be increased by his contribution. We agree with the Panel that the AWW is not to be increased under such circumstances, but we reach that conclusion based upon a different interpretation of the statute.

Section 8-40-201(19)(b), C.R.S.2002, the statute pertinent here, provides:
*The term "wages" shall include the amount of the employee's cost of continuing the employer's group health insurance plan and, upon termination of the continuation, the employee's cost of conversion to a similar or lesser insurance plan,* and gratuities reported to the federal internal revenue service by or for the worker for purposes of filing federal income tax returns and the reasonable value of board, rent, housing, and lodging received from the employer, the reasonable value of which shall be fixed and determined from the facts by the division in each particular case, but shall not include any similar advantage or fringe benefit not specifically enumerated in this subsection (19). *If, after the injury, the employer continues to pay any advantage or fringe benefit specifically enumerated in this subsection (19), including the cost of health insurance coverage or the cost of the conversion of such health insurance coverage, such advantage or benefit shall not be included in the determination of the employee's wages so long as the employer continues to make such payment.*
(Emphasis added)

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

2003 WL 22208414                                                                Page 3
--- P.3d ---
**(Cite as: 2003 WL 22208414 (Colo.App.))**

[2] When a reviewing court construes a statute, it must determine and give effect to the intent of the legislature by affording the language of the statute its plain and ordinary meaning. *Magnetic Eng'g, Inc. v. Indus. Claim Appeals Office,* 5 P.3d 385 (Colo.App.2000). However, if a statute is fairly susceptible of more than one interpretation, it is ambiguous, and the court must look to other extrinsic factors, such as the statutory context, the consequences of a particular construction, and the legislative history. *Miller v. Indus. Claim Appeals Office,* 985 P.2d 94 (Colo.App.1999).

**\*2** [3][4] Words or phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, must be construed in accordance with the acquired meaning. *Allstate Ins. Co. v. Schneider Nat'l Carriers, Inc.,* 942 P.2d 1352 (Colo.App.1997), *aff'd sub nom. Farmers Ins. Exch. v. Bill Boom Inc.,* 961 P.2d 465 (Colo.1998). A court may also look outside the statute to related sources for the definition of an applicable term and must attempt to harmonize other statutes relating to the same subject matter. *Sullivan v. Indus. Claim Appeals Office,* 22 P.3d 535 (Colo.App.2000).

[5] We give deference to the Panel's interpretation of the statute because the Panel is the agency charged with its enforcement, and we will set it aside only if it is inconsistent with the clear language of the statute or with the legislative intent. *Support, Inc. v. Indus. Claim Appeals Office,* 968 P.2d 174 (Colo.App.1998).

The Panel's interpretation was based upon its decision in another case that the clear and unambiguous effect of the last sentence in § 8-40-201(19)(b) was to exclude the cost of health insurance from a claimant's AWW calculation when the employer continued to pay its share of the premium after the injury. The Panel explained that its basis for that holding was the phrase "continues to pay *any* advantage or fringe benefit," which, by the use of the word "any," clarified that the AWW calculation was not to be increased by any part of the insurance cost, including that borne by the claimant, as long as some portion of the premium continued to be paid by the employer. Because the Panel concluded that the last sentence controlled, it neither addressed the meaning of the term "continuing" used in the first sentence nor

determined whether the statute is ambiguous.

[6] We are not bound by decisions of the Panel in other cases. *Popke v. Indus. Claim Appeals Office,* 944 P.2d 677 (Colo.App.1997). Further, based upon a facial reading of the statute, we are unable to reach the interpretation adopted by the Panel and can discern no indication that either the first or last sentence is meant to control over the other. Similarly, we disagree with claimant that the plain meaning of the word "continuing" in the first sentence denotes the period of time when the employer still pays its share of the premiums or that the statute otherwise expresses a clear requirement that the employee's cost is always to be included in the AWW.

Thus, we are persuaded by the argument of the insurer, Pinnacol Assurance, that those portions of the statute at issue here are ambiguous and require the use of extrinsic methods to determine the meaning intended by the General Assembly.

The legislative history presented by insurer reveals that the language at issue reflected a compromise that was intended to value health insurance as a part of an employee's wages once the employer stopped paying premiums. *See* Hearings on H.B. 89-1322 before the House Committee on Agriculture, Livestock, and Natural Resources, 57th General Assembly, 1st Session (Feb. 8 and 20, 1989); Hearings on H.B. 89-1322 before the Senate Committee on Business Affairs and Labor, 57th General Assembly, 1st Session (Mar. 15, 1989)(Senate Hearing). One of the sponsoring senators specifically explained that the amendment encompassing the relevant provisions "adds the cost of health care if not continued by the employer, and an additional part of that amendment added the cost of the health insurance policy conversion if terminated." Senate Hearing (Mar. 15, 1989) (Senator Norton).

**\*3** The discussion in the various committee and floor debates reflects that the reference to "continuing" and "conversion" are terms of art related to those portions of the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), 42 U.S.C. § 300bb-1, et seq. (2000), which concern an employee's right to continued health insurance coverage for eighteen months at the employee's own expense when separation occurs

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

2003 WL 22208414                                                                 Page 4
--- P.3d ---
**(Cite as: 2003 WL 22208414 (Colo.App.))**

for reasons other than "gross misconduct."

Indeed, the terms "continue" and "conversion" are used in the similar statutory scheme enacted in Colorado. *See* § 10-16-108, C.R.S.2002. This statute provides an employee with the right to continue the existing coverage upon termination or other qualifying reasons for a period of eighteen months at the group rate. *See* § 10-16-108(1)(e), C.R.S.2002. The statute also provides for a conversion privilege, which, if applicable, enables the employee to obtain a policy from the employer's insurer following the expiration of the continued coverage. *See* § 10-16-108(1)(a),(f), C.R.S.2002.

[7] Based upon the specialized meaning of these terms, we construe § 8- 40-201(19)(b) to mean that a claimant's AWW includes the cost of health insurance only when a claimant has "continued" the employer's coverage at his or her own cost pursuant to COBRA or § 10-16-108, and thereafter, when that coverage ends and the claimant has converted to other coverage. *See Schelly v. Indus. Claim Appeals Office,* 961 P.2d 547 (Colo.App.1997) (referring to continuation of an employer's group health insurance and conversion when that coverage terminates under COBRA). This interpretation recognizes that an employee's contribution to his or her health care premium during the period of employment does not represent an advantage or fringe benefit comprising wages that is lost when the injury occurs, particularly where, as here, the claimant remained employed.

Thus, our reading not only incorporates the technical meanings associated with the terms "continue" and "conversion," but also gives harmonizing and equal effect to both of the pertinent sentences in § 8-40-201(19)(b).

In so holding, we disagree with claimant that a contrary interpretation must be adopted pursuant to the opinion by a division of this court in *Humane Society v. Industrial Claim Appeals Office,* 26 P.3d 546 (Colo.App.2001). That opinion simply acknowledged the statutory requirement that the employee's entire cost of continuing coverage following her termination including the amount paid for dependent coverage, was to be included into her AWW. The division rejected the argument asserted by the insurer in that case that the amount included in AWW was limited to the portion of the premium formerly paid by the employer.

Although we have analyzed the issue differently than the Panel did, we uphold the Panel's determination that claimant's AWW does not include his cost for health insurance coverage.

The order is affirmed.


Judge DAILEY and Judge LOEB concur.

2003 WL 22208414, 2003 WL 22208414 (Colo.App.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works