IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| MANOR CARE OF AMERICA | * | |
| Plaintiff | * | |
| v. | * | Civil Court Action No:    L-02-CV-4206 |
| PROPERTY & CASUALTY INSURANCE GUARANTY CORPORATION | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM OF DEFENDANT PROPERTY & CASUALTY INSURANCE GUARANTY CORPORATION IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SURREPLY**

Now comes Defendant Property & Casualty Insurance Guaranty Corporation (hereinafter "PCIGC") by its undersigned counsel, and for its Reply in further support of Defendant's Motion for Leave to File a Surreply, states as follows:

1. As this Court is aware, PCIGC moved, pursuant to Local Rule 105.2 for leave to file a Surreply in connection with Plaintiff's Motion to Compel and For Sanctions. The need for the Surreply arose from Plaintiff's raising for the first time in its Reply Memorandum its alleged compliance with the certificate requirement mandated by both Federal Rule of Civil Procedure 37(a) and Local Rule 104.7.

2. Manor Care has filed a rather puzzling "Response" to PCIGC's Motion for Leave to File the Surreply. Rather than oppose the Defendant's Motion, Manor Care has instead used its "Response" as a platform to argue that it should be

entitled to file a "Sur-Surreply" premised on the notion that as the original moving party, it should have "the last word on its Motion." (Plaintiff's Response at p. 2)

3. As a threshold matter, it is clear that Manor Care does not oppose the Defendant's filing of a Surreply, nor could it under the circumstances giving rise to the Defendant's Motion. Accordingly, there being no opposition to the Defendant's request for leave, the Defendant should be granted the right to file its Surreply.

4. As for the Plaintiff's argument that "fundamental fairness dictates" that the Court grant it leave to file a "Sur-Surreply", PCIGC can only state that not only do our Local Rules not provide for such a filing, but that Manor Care has already had the opportunity, as argued in its Reply Memorandum, to assert that its counsel has satisfied the certificate requirement. After PCIGC files its Surreply, the issue will thus be fully briefed and ripe for judicial resolution. The only issue of "fundamental fairness" left in play at this point in the litigation is that the Defendant be afforded the opportunity to respond to an issue raised for the first time by the Plaintiff in its Reply.

WHEREFORE, the Defendant Property & Casualty Insurance Guaranty Corporation respectfully requests that this Court grant its Motion for Leave to File a Surreply pursuant to Local Rule 105.2.

- 3 -

        Respectfully submitted,

_____/s/_____
Albert J. Mezzanotte, Jr., Bar No. 00197
Edward M. Buxbaum, Bar No. 05015
Whiteford, Taylor & Preston L.L.P.
Wachovia Tower – Suite 1200
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Attorney for Defendant,
Property & Casualty Insurance
Guaranty Corporation

1524576