IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| MANOR CARE OF AMERICA | * | |
| Plaintiff | * | |
| v. | * | Civil Court Action No:    L-02-CV-4206 |
| PROPERTY & CASUALTY INSURANCE GUARANTY CORPORATION | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT PROPERTY & CASUALTY INSURANCE GUARANTY CORPORATION'S MOTION FOR RECONSIDERATION

By Memorandum and Order dated March 31, 2004, this Court granted (in part) Plaintiff's Motion to Compel further discovery. Specifically, the Court found that Defendant's counsel had improperly interfered with Plaintiff's counsel's questioning of Deborah Price, an employee of the Defendant, such that the Court ruled that Ms. Price's deposition must be resumed. The Court further held that Plaintiff's request for sanctions will be taken up at an as yet unscheduled hearing.

The Court grounded its ruling on the basis that Ms. Price had been designated by the Defendant "as a person having knowledge of the claims and defenses alleged in Manor Care's Complaint." Memorandum Opinion at p. 3. Clearly, the Court believed that having so designated the witness, defense counsel's attempts to limit her testimony was improper. With all due respect to the Court, not only wasn't Ms. Price so designated, but all counsel understood <u>prior</u> to the commencement of the deposition

that Ms. Price was not prepared to testify on any matter outside of certain limited topics previously designated <u>by the Plaintiff</u>.

The joint discovery plan, attached hereto as Exhibit A for ease of reference, makes clear that the discovery in this case was to be bifurcated by agreement, whereby the first phase of discovery, including deposition testimony, was to focus solely on certain limited topics identified by Plaintiff's counsel as follows: (1) PHICO's membership in PCIGC; (2) PHICO's assessments and payments to PCIGC; (3) PCIGC's refunds to PHICO from 1993 through 1997; (4) whether a portion of each premium paid by Maryland insureds, including Manor Care, during the period 1993 to 1997 was paid to PCIGC; and (5) "other issues" related to PHICO and PCIGC's financial relationship from the period 1993 through 1997. Joint Discovery Plan at p. 4. Simply put, there was never a suggestion by Plaintiff that Manor Care intended to inquire during this initial phase of discovery of Ms. Price as to the underlying claims asserted against Manor Care, prior insolvencies unrelated to PHICO, and the nature of assessments unrelated to PHICO's line of business.

When the Court seizes upon defense counsel's instructions not to answer such questioning to support its ruling, it is clear that the Court believed such topics were "fair game" at the deposition. Rather, such questioning is in direct conflict with the previously agreed upon joint discovery plan and the limitations set forth therein. In sum, the rationale underlying the Court's ruling - that the Defendant made Ms. Price available to testify as to all "claims and defenses" related to the litigation and then improperly obstructed such a general inquiry – is in direct conflict with the previously

agreed upon joint discovery plan. Indeed, at the heart of this discovery dispute is whether the Plaintiff is at liberty to agree to an extremely limited scope of discovery, invite the Defendant to produce a witness prepared to speak only to those limited issues, unilaterally circumvent that agreement at deposition, and then have the right to complain to this Court.

As it appears to the Defendant that the Court failed to fully consider the previously agreed upon joint discovery plan and the limitations set forth therein in making its ruling, the Defendant respectfully requests that this Court reconsider its ruling and hold it in abeyance until the hearing contemplated by the Court so as to allow further argument on this issue.

Respectfully submitted,

_____/s/_____
Albert J. Mezzanotte, Jr., Bar No. 00197
Edward M. Buxbaum, Bar No. 05015
Whiteford, Taylor & Preston L.L.P.
Wachovia Tower – Suite 1200
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
   (410) 347-8700
   Attorneys for Defendant,
     Property & Casualty Guaranty
     Insurance Company

1548527