IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MANOR CARE OF AMERICA, INC.,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| | : | |
|     v. | : | CIVIL NO. L-02-4206 |
| | : | |
| | : | |
| **PROPERTY & CASUALTY INSURANCE** | : | |
| **GUARANTEE CORPORATION,** | : | |
|     **Defendant.** | : | |
| | : | |

## ORDER

On September 5, 2003, Plaintiff Manor Care of America, Inc. ("Manor Care") filed a motion to compel and for sanctions arising out of Defense Counsel Albert Mezzanotte's conduct during the deposition of Deborah Price. On March 31, 2004, after full briefing, the Court granted the motion in part.

On April 1, 2004, PCIGC moved this Court to reconsider, arguing that Mr. Mezzanotte properly directed Ms. Price not to answer questions that allegedly exceeded the scope of the parties' discovery plan.[1] The approved plan provides:

> Manor Care anticipates the deposition of a corporate designee of PCIGC regarding issues Manor Care believes to be related to the meaning of the term "covered claim," <u>including, but not limited to,</u> PHICO's membership in PCIGC; PHICO's assessments and payments to PCIGC; PCIGC's refunds to PHICO from 1993 through 1997; whether a portion of each premium paid by Maryland insureds, including Manor Care, during 1993 to 1997

---

[1] This argument was previously raised in PCIGC's memorandum in opposition to the motion to compel and for sanctions. Contrary to Counsel's suggestion, the Court considered the effect of the discovery plan before granting in part the motion to compel and for sanctions. The Court remains convinced that Mr. Mezzanotte acted improperly.

was paid to PCIGC; and other issues related to PHICO and PCIGC's financial relationship for the period from 1993 to 1997.

(Joint Proposed Disc. Plan at 4) (emphasis added).

The Court rejects PCIGC's argument. The discovery plan sets forth a non-exhaustive list of topics to be addressed during Ms. Price's deposition. Plaintiff's Counsel Gerald Kowalski's questions were fairly related to these issues and aimed at gaining a basic understanding of the operation of the guarantee fund. Moreover, even if Mr. Kowalski's questioning roamed beyond the scope of the discovery plan, Mr. Mezzanotte was not warranted in acting in an abrasive and condescending manner towards all present. Accordingly, the Court hereby DENIES PCIGC's motion to reconsider. [Docket No. 36.]

It is so ORDERED this 6th day of April, 2004.

_____/s/_____
Benson Everett Legg
Chief Judge