UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
Chief Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

May 18, 2004

MEMORANDUM TO COUNSEL RE:     Manor Care of America, Inc. v. Property & Casualty Insurance Guarantee Corporation, Civil No. L-02-4206

Dear Counsel:

     On September 5, 2003, Manor Care filed a motion to compel and for sanctions arising out of Defense Counsel Albert Mezzanotte, Jr.'s conduct during the deposition of Deborah Price. On March 31, 2004, after full briefing, the Court granted the motion in part.

     On May 3, 2004, the Court held a hearing to decide the appropriate remedy. Mr. Mezzanotte apologized for his behavior. Counsel agreed that, other than the Price deposition, discovery had progressed amicably.

     The Court ordered that (i) Mr. Mezzanotte write a letter of apology to the court reporter for the Price deposition, and (ii) that the Defense pay the court reporter's cost for the first deposition.

     Moreover, because Ms. Price was directed not to answer certain questions at her first deposition, Manor Care will be allowed to re-take her deposition. Within ten (10) days of the date of this Order, Counsel shall confer and agree upon the subjects to be discussed in Ms. Price's deposition. Subjects of the deposition shall include, without limitation, the following:

(i)      Whether the insurance policies at issue are occurrence or claims made policies;

(ii)      Whether PHICO was assessed by PCIGC between 1993 and 1997. Although PCIGC contends that it has produced documentation answering this question, Manor Care is entitled to test this assertion, and to have a person with knowledge explain the documents produced by PCIGC;

(iii)      Whether PCIGC has defended and/or indemnified an insured corporation whose principal place of business was (i) located inside Maryland at the time of the insured event, but outside Maryland at the time they demanded payment from PCIGC, or (ii)

        located outside Maryland at the time of the insured event, but inside Maryland at the time they demanded payment from PCIGC;

  (iv)    Any written or oral history about PCIGC's interpretation of the definition of "resident," Md. Code Ann., Ins. § 9-301(h), from 1993 through 2002;

  (v)    Refunds paid to PHICO from 1993 through 2002; and

  (vi)    The definition of early access funds, and whether these funds were paid to PHICO from 1993 through 2002.

If Ms. Price lacks knowledge of any of these subjects, PCIGC may designate a person with knowledge to be deposed on the relevant subject or subjects. Moreover, within ten (10) days of the date of this Order, the parties shall propose (i) a deposition schedule, (ii) the subjects to be explored during deposition, and (iii) a briefing schedule for any renewed motions for summary judgment. If renewed summary judgment motions are filed, the parties need not re-brief the issues, but may adopt by reference the papers on file, supplementing as needed.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

        Very truly yours,

        /s/
        Benson Everett Legg

c:    Court file