UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
**Northern Division**

| | |
|---|---|
| MANOR CARE OF AMERICA, INC.<br><br>    Plaintiff,<br><br>v.<br><br>PROPERTY & CASUALTY INSURANCE<br>GUARANTY CORPORATION,<br><br>    Defendant. | Civil Action No.<br>02-CV-04206 (BEL) |

### JOINT STATUS REPORT

As requested in the Court's Memorandum to Counsel of August 2, 2006, counsel for the parties have conferred and are hereby submitting this joint status report.

This case arises out of the insolvency of the PHICO Insurance Company in 2002. As a result of the insolvency, the plaintiff filed a number of claims with the defendant pursuant to the Maryland Guaranty Fund statute. The defendant denied coverage for these claims which resulted in the filing of this lawsuit. In the parties initial Joint Proposed Discovery Plan (Document No. 14), the parties suggested and the Court approved a bifurcated course in this case. The parties realized that there was an initial threshold issue concerning the "residency of the plaintiff". The Court granted summary judgment in favor of the defendant and that ruling has recently been reversed by the Fourth Circuit.

Although the "residency" issue regarding the Plaintiff, Manor Care of America, Inc., has now been resolved, the Court of Appeals ruling did not address the status of those Manor Care affiliates and subsidiaries that have never been residents of Maryland at any time for which the Plaintiff also seeks coverage from PCIGC. The plaintiff asserts that these entities are also entitled to coverage for PCIGC. The defendant's position is that the non-residency of those affiliates and subsidiaries precludes coverage for them under the controlling Maryland statute. Given this remaining area of dispute, the parties have agreed to the following schedule in order to focus upon these underlying claims and determine with specificity what remains in dispute. Counsel has agreed to the following schedule to address this issue:

| | |
|---|---|
| October 1, 2006 | -- The plaintiff will make available for inspection all of their files concerning the underlying claims. |
| November 15, 2006 | -- The defendant will have reviewed the underlying files and will advise the plaintiff if they are honoring or denying the claim. If they are denying the claim, the defendant will provide the specific basis for the denial. |
| December 1, 2006 | -- The parties will report to you further as to a future discovery plan to resolve the disputes over these claims. The parties anticipate that any unresolved claims will then be subject to further summary judgment motions and/or trials. |

Respectfully submitted,

/s/ James H. Hulme
James H. Hulme, Bar No. 00875
Deanne M. Ottaviano, Bar No. 15659
ARENT FOX KINTNER PLOTKIN &
KAHN, PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Ph: (202) 857-6000
Fax: (202) 857-6395
*Attorneys for Plaintiff*

/s/ Albert J. Mezzanotte
Albert J. Mezzanotte, Jr., Bar No. 00197
Edward M. Buxbaum, Bar No. 05015
WHITEFORD, TAYLOR & PRESTON
L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
Ph: (410) 347-8700
Fax: (410) 752-7092
*Attorneys for Defendants*

_/s/ Gerald R. Kowalski_
Gerald R. Kowalski, Pro Hac Vice
Jodi D. Spencer, Pro Hac Vice
COOPER & WALINSKI, L.P.A.
900 Adams Street
Toledo, Ohio 43624
Ph: (419) 241-1200
Fax: (419) 242-5675
*Attorneys for Plaintiff*


**SO APPROVED:**


_____
**The Honorable Benson E. Legg, Judge**