UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

**MANOR CARE OF AMERICA, INC.**          Civil Action No. 02-CV-04206 (BEL)

    Plaintiff,

v.

**PROPERTY & CASUALTY INSURANCE
GUARANTY CORPORATION,**

    Defendant.

---

**Joint Motion for Protective Order Regarding
Production of Protected Health Information**

---

This lawsuit is a declaratory action arising out of a professional liability insurance contract issued by PHICO Insurance Company. Due to PHICO's insolvency, pursuant to § 9-301 et. Seq. of the Maryland Insurance Code, Property & Casualty Insurance Guaranty Corporation ("PCIGC") is potentially responsible for payment of those claims asserted against Manor Care of America, Inc. ("Manor Care") that satisfy the statutory definition of "covered claims." At issue are the parties' respective rights under the PCIGC statute and the PHICO policy with respect to a number of underlying liability claims brought against Manor Care and affiliated entities.

The Health Insurance Portability and Accountability Act of 1996 (HIPAA) restricts the use and disclosure of protected health information subject to certain circumstances. *See,* 45 C.F.R. § 164. PCIGC has requested discovery of the underlying liability claims, the production of which may include medical information that might qualify as protected health information under HIPAA.

Therefore, the parties seek an order pursuant to 45 C.F.R. § 164.512(e)(1)(i) allowing the disclosure of claim file information, including protected health information, to PCIGC for the following purposes: (a) the present litigation; or (b) PCIGC's handling of claims against Manor Care. PCIGC is expressly prohibited from using or further disclosing documents or other information, including protected health information disclosed pursuant to this Order, for any other purposes. A proposed Order is attached.

/s/ James H. Hulme
James H. Hulme, Bar No. 00875
Deanne M. Ottaviano, Bar No. 15659
ARENT FOX KINTNER PLOTKIN &
KAHN, PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Ph: (202) 857-6000
Fax: (202) 857-6395
*Attorneys for Plaintiff*

/s/ Gerald Kowalski
Gerald R. Kowalski, Pro Hac Vice
Jodi D. Spencer, Pro Hac Vice
COOPER & WALINSKI, L.P.A.
900 Adams Street
Toledo, Ohio 43624
Ph: (419) 241-1200
Fax: (419) 242-5675
*Attorneys for Plaintiff*

Respectfully submitted,

/s/ Edward Buxbaum
Albert J. Mezzanotte, Jr., Bar No. 00197
Edward M. Buxbaum, Bar No. 05015
WHITEFORD, TAYLOR & PRESTON
L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
Ph: (410) 347-8700
Fax: (410) 752-7092

*Attorneys for Defendants*

## Certificate of Service

The undersigned hereby certifies that on this 29th day of September, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Gerald R. Kowalski
Gerald R. Kowalski (0022323)

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **MANOR CARE OF AMERICA, INC.** | Civil Action No. 02-CV-04206 (BEL) |
| Plaintiff, | |
| v. | |
| **PROPERTY & CASUALTY INSURANCE GUARANTY CORPORATION,** | |
| Defendant. | |

### Protective Order Regarding Production of Protected Health Information

This lawsuit is a declaratory action arising out of a professional liability insurance contract issued by PHICO Insurance Company. Due to PHICO's insolvency, Property & Casualty Insurance Guaranty Corporation ("PCIGC") is potentially responsible for payment of those claims asserted against Manor Care of America, Inc. ("Manor Care") that satisfy the statutory definition of "covered claims." At issue are the parties' respective rights under the PCIGC statute and the PHICO policy with respect to a number of underlying liability claims brought against Manor Care and affiliated entities.

PCIGC requests discovery on these underlying liability claims, including discovery of medical information, which might qualify as protected health information under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). The parties seek an order pursuant to 45 C.F.R. § 164.512(e)(1)(i) allowing disclosure of claim file information, including protected health information, to PCIGC for the purposes described below.

Upon consideration, the Court has determined that an order directing the disclosure of claim file information, including protected health information, to PCIGC for the purposes described below only is appropriate and should be entered.

**IT IS THEREFORE ORDERED:**

1. That for each claim identified either by agreement of PCIGC and Manor Care, or as further ordered by this Court, and subject to any existing protective orders entered by any court with jurisdiction over a particular claim, Manor Care will produce to PCIGC complete copies of all documents contained in the files of: defense counsel for Manor Care and/or Manor Care's affiliates in each underlying claim; and Manor Care itself.

2. That the documents to be produced pursuant to this Order include, but are not limited to, all medical information and records obtained from hospitals, physicians, skilled nursing facilities, nursing homes, rehabilitation facilities, and any other health care providers, relating to the care and treatment of a particular claimant in any underlying claim. This Order specifically includes any and all information that may constitute "protected health information" as that term is defined under HIPAA.

3. That PCIGC is expressly prohibited from using or further disclosing documents or other information, including protected health information disclosed pursuant to this Order, for any purpose other than (a) the present litigation, or (b) PCIGC's handling of claims against Manor Care and/or its affiliates.

4. In the event PCIGC determines that it has a need to review information which is subject to a Protective Order entered by a court having jurisdiction over a particular underlying claim, PCIGC will so notify Manor Care and Manor Care will, immediately upon receipt of such notification from PCIGC, make application to the court which issued the protective order for relief from that order to the extent necessary to allow PCIGC to utilize the affected documents in

this litigation. Regardless of the outcome of such application, Manor Care will not be required to take further action in this regard unless directed to do so by this Court.

**SO ORDERED** at _____ on _____, 2006.

_____
United States District Court Judge