UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

**MANOR CARE OF AMERICA, INC.**           Civil Action No. 02-CV-04206 (BEL)

    Plaintiff,

v.

**PROPERTY & CASUALTY INSURANCE
GUARANTY CORPORATION,**

    Defendant.

---

### Joint Motion for Protective Order Regarding Production of Protected Health Information

---

This lawsuit is a declaratory action arising out of a professional liability insurance contract issued by PHICO Insurance Company. Due to PHICO's insolvency, pursuant to § 9-301 et. Seq. of the Maryland Insurance Code, Property & Casualty Insurance Guaranty Corporation ("PCIGC") is potentially responsible for payment of those claims asserted against Manor Care of America, Inc. ("Manor Care") that satisfy the statutory definition of "covered claims." At issue are the parties' respective rights under the PCIGC statute and the PHICO policy with respect to a number of underlying liability claims brought against Manor Care and affiliated entities.

The Health Insurance Portability and Accountability Act of 1996 (HIPAA) restricts the use and disclosure of protected health information subject to certain circumstances. *See,* 45 C.F.R. § 164. PCIGC has requested discovery of the underlying liability claims, the production of which may include medical information that might qualify as protected health information under HIPAA.

RPP/189994.1

Therefore, in accordance with the Court's Order of October 16, 2006, the parties seek an order pursuant to local rules and to 45 C.F.R. § 164.512(e)(1)(i) allowing the disclosure of claim file information, including protected health information, to PCIGC for the following purposes: (a) the present litigation; or (b) PCIGC's handling of claims against Manor Care. PCIGC is expressly prohibited from using or further disclosing documents or other information, including protected health information disclosed pursuant to this Order, for any other purposes. A proposed Order is attached.

/s/ James H. Hulme
James H. Hulme, Bar No. 00875
Deanne M. Ottaviano, Bar No. 15659
ARENT FOX KINTNER PLOTKIN &
KAHN, PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Ph: (202) 857-6000
Fax: (202) 857-6395
*Attorneys for Plaintiff*

/s/ Gerald R. Kowalski
Gerald R. Kowalski, Pro Hac Vice
Jodi D. Spencer, Pro Hac Vice
COOPER & WALINSKI, L.P.A.
900 Adams Street
Toledo, Ohio 43624
Ph: (419) 241-1200
Fax: (419) 242-5675
*Attorneys for Plaintiff*

Respectfully submitted,

/s/ Edward M. Buxbaum
Albert J. Mezzanotte, Jr., Bar No. 00197
Edward M. Buxbaum, Bar No. 05015
WHITEFORD, TAYLOR & PRESTON
L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
Ph: (410) 347-8700
Fax: (410) 752-7092

*Attorneys for Defendants*

### Certificate of Service

The undersigned hereby certifies that on this 29th day of November, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Deanne M. Ottaviano
Deanne M. Ottaviano, Bar No. 15659

RPP/189994.1                                    2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

**MANOR CARE OF AMERICA, INC.**  Civil Action No. 02-CV-04206 (BEL)

      Plaintiff,

v.

**PROPERTY & CASUALTY INSURANCE
GUARANTY CORPORATION,**

      Defendant.

---

**Stipulated Protective Order Regarding Confidential and Privileged Material**

---

Under Fed. R. Civ. P. 26(c)(7), IT IS HEREBY STIPULATED AND AGREED by the undersigned counsel of the parties, that discovery in the above-entitled action has involved and may involve the production of information that the parties consider to be "confidential" consistent with Fed. R. Civ. P. 26(c)(7).

ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED that:

**I.  Confidential Information.**

    **A.**  The parties or their attorneys who produce any document, deposition testimony, interrogatory response, response to requests for admissions, or other information, including documents or other information that are in electronic format, and all information derived there from, concerning trade secrets, other confidential research, development or commercial information, confidential medical or personal records of individuals involved in underlying litigation, confidential personnel records, and other such confidential information, may be designated "Confidential" within the meaning of this Stipulated Protective Order. The producing party will designate material as "Confidential" where he or she has a reasonable, good faith belief that the information so designated is or contains confidential information within the

RPP/189567.1

meaning of Fed. R. Civ. P. 26(c)(7) and as described herein, and that the material requires the special protection provided by that designation.

**B.** Material must be designated as "Confidential" by stamping or otherwise printing the legend "Confidential" on each page of the material at the time of its production.

**II. Scope.**

**A.** "Confidential" information shall only be used for the purposes of this action and not for any other purpose, including any business purpose, and shall not be used or disclosed outside the context of this action.

**B.** Nothing in this Stipulated Protective Order is intended to constitute an agreement regarding the scope of discovery.

**C.** Nothing herein imposes any restriction on the use or disclosure by a party of its own documents or information. Nor will this Stipulated Protective Order be construed to prevent any party or its counsel or Outside Experts from making use as they see fit of any documents or information that they can demonstrate were lawfully available to the public or lawfully in their possession before another party produced them, or which properly came into their possession independent of any work in connection with this action.

**D.** Nothing contained in this Stipulated Protective Order, or any designation of confidentiality or restriction hereunder, or any failure to make such designation, may be used or characterized by any party as an "admission by a party opponent."

**E.** Neither this Stipulated Protective Order nor any party's designation of information as "Confidential" will affect the admissibility into evidence of the information so designated.

III. **Inadvertent Disclosure of Confidential Information.**

    **A.** The inadvertent production of "Confidential" information without an appropriate designation does not waive any claim of confidentiality.

    **B.** Inadvertent failure to designate a document as "Confidential" may be corrected by providing supplemental written notice as soon as practical. Upon receiving written notice from the producing party that "Confidential" information has not been properly designated, all such information shall be immediately re-designated and treated appropriately.

    **C.** The party receiving material re-designated as "Confidential" shall make reasonable, good-faith efforts to ensure that any analysis, memoranda or notes that were internally generated based upon such information immediately be treated in conformance with any such re-designation.

    **D.** If a party produces two or more identical or substantially-identical copies of a document and one copy or substantially-identical copy is designated "Confidential" and the other copy is not designated "Confidential," all identical or substantially-identical documents must be treated as "Confidential" once the inconsistent designation is known. [The producing party is responsible for informing the receiving party of the inconsistent designation.]

IV. **Objections to Designation.**

    **A.** Entry of this Stipulated Protective Order is without prejudice to any motion for relief from its provisions or to any motion for additional restrictions on the production, exchange or use of any document or other information in the course of this action, but those motions may not be made after the entry of a final judgment or settlement in this action.

    **B.** If a party disagrees with a producing party's designation of information as "Confidential," the party must provide written notice to the producing party of its disagreement and specifically identify the information in dispute.

**C.**     If the dispute cannot be resolved informally, the party challenging the designation may file a motion seeking relief no later than 30 days before the trial date. The party who designated the information as "Confidential" bears the burden of demonstrating that the information is "Confidential."

**D.**     Pending the United States District Court for the District of Maryland's ruling, the party contesting the designation must continue to treat the information in the manner required by this Stipulated Protective Order.

**V.     Access to Confidential Information.**

**A.**     Unless otherwise consented to by the producing party or ordered by the United States District Court for the District of Maryland, material designated as "Confidential" may not be disclosed to any person other than the following:

**1.**     Counsel of record for the parties in this action, including in-house counsel and other outside counsel engaged to assist counsel of record on this action and their secretaries, paralegals or other support personnel involved in this litigation;

**2.**     A party's current and former directors, officers, employees and agents who have a need to review or otherwise inspect documents and information in order to assist the prosecution or defense of this action;

**3.**     Outside Experts and consultants who are not employees of any party and who are expressly retained to assist counsel of record solely for prosecuting or defending this action or preparing this action for trial, including, but not limited to, independent auditors, accountants, statisticians, economists and other experts, and the employees of those persons ("Outside Experts");

**4.**     Any person, other than those identified in (2) with prior knowledge of "Confidential" information including persons who have or whom counsel for any party in good

RPP/189567.1                                                4

faith believes to have participated in a communication or other act and from whom verification of that communication or other act is sought; and

      5.    All persons to whom a party has a legal or contractual obligation to provide such information including a party's reinsurers and outside or in-house auditors;

      6.    Federal and state regulatory agencies, their employees and representatives to whom the parties have a statutory obligation to transmit information or report concerning this action. Access by regulatory agencies to "Confidential" information shall be limited to documents that the regulatory agencies reasonably need to review in their role as regulatory agencies;

      7.    Court reporters and videographers transcribing testimony in this case;

      8.    Photocopy services, imaging vendors, and their employees for purposes of copying or imaging documents for this case; and

      9.    The United States District Court for the District of Maryland.

    B.    Individuals identified in paragraph (A)(3) above who have not previously had access to such information, must, before having access to any "Confidential" information, read this Stipulated Protective Order and execute a sworn statement in the form attached as Exhibit A, indicating that he/she has read this Stipulated Protective Order and will abide by its terms. Individuals identified in paragraph A(3) who have had access to "Confidential" information prior to entry of this Stipulated Protective Order shall execute a sworn statement in the form attached as Exhibit A within 14 days after entry by the United States District Court for the District of Maryland of this Stipulated Protective Order. This sworn statement will be maintained by counsel for the party disclosing material designated as "Confidential" to that person.

    C.    If, in the judgment of any party, disclosure of "Confidential" information to persons not identified above is necessary to effectively prosecute or defend this action, any party may seek the consent of the other parties to disclose such information to others, which consent

RPP/189567.1          5

shall not be unreasonably withheld. In the event the parties cannot agree, any party may seek relief or protection from the United States District Court for the District of Maryland to permit or prevent the proposed disclosure.

**D.** Any person who receives material designated as "Confidential" shall not disclose that information to any person who is not entitled to receive such information. Nor shall any person use the "Confidential" information in any manner inconsistent with this Stipulated Protective Order. All persons afforded access to "Confidential" information under this Stipulated Protective Order must keep that information secure consistent with the purposes and intent of this Order and must adopt reasonable precautions to assure continued confidentiality, including precautions against unauthorized copying, use or disclosure of the "Confidential" information.

**VI.     Depositions.**

**A.** Only persons permitted to view material designated as "Confidential" and the court reporter may be present when "Confidential" material is disclosed at a deposition.

**B.** Counsel for the party seeking to disclose material designated as "Confidential" at a deposition must, before disclosing such information, advise counsel for all other parties so that the appropriate safeguards can be taken to ensure that only those permitted to receive such information under the terms of this Stipulated Protective Order are present when that information is disclosed.

**C.** Any deposition transcript or videotaped deposition containing material designated as "Confidential" must be marked "Confidential" on the cover and indicate, as appropriate within the deposition transcript and on the deposition videotape, that information has been so designated. A party may designate any portion of the deposition transcript or deposition videotape as "Confidential" by so advising the court reporter, who will indicate in the deposition transcript and on the deposition videotape what portion(s) of the testimony (or exhibits thereto)

RPP/189567.1                                             6

were so designated or by advising all other parties within 30 business days after receiving the transcript.

**VII.    Court Filings.**

    **A.**    In the event that counsel for any party decides to file with or submit to the United States District Court for the District of Maryland material designated as "Confidential" or any papers revealing "Confidential" information, the filing party must comply with the United States District Court for the District of Maryland's local rules and practices regarding filing of documents under seal, including the requirement for simultaneous submission of a motion and accompanying order pursuant to L.R. 105.11

    **B.**    The parties authorize the Clerk of the United States District Court for the District of Maryland to destroy any "Confidential" documents filed under seal after termination of this action and any appeal.

**VIII.   Evidence at Trial.**

    **A.**    Nothing contained in this Stipulated Protective Order may be construed to prejudice any party's right to use any "Confidential" information at trial or in any hearing before the United States District Court for the District of Maryland. The party expecting to use "Confidential" material must give reasonable advance notice to the producing party.

    **B.**    A party who initially produced material designated as "Confidential" may redact that designation by giving notice to the other parties. In that event, if the document or other material is used as an exhibit at trial, all deposition statements and all markings indicating that the document or material is "Confidential" will be removed before offering the deposition testimony, document or other material into evidence.

**IX.    Return of Confidential Information.**

    **A.**    Within 30 days of final termination of this action, counsel of record for each party must assemble and return to counsel of record for the producing party all "Confidential"

RPP/189567.1    7

information produced, including all copies, notes, summaries, renderings, photographs, recordings, computer disks, and reproductions of every kind of such "Confidential" information. As an alternative to returning all or part of such "Confidential" information, parties may certify to counsel for the producing party that they have destroyed all unreturned "Confidential" information, including the manner, date and identity of the person or entity carrying out the destruction of documents not destroyed during the course of the litigation. Notwithstanding the foregoing, any party may retain such "Confidential" information subject to the terms of this Stipulated Protective Order until the completion of any reinsurance claims, disputes, lawsuits, or any other claims, disputes or lawsuits with other insurers that are related to this lawsuit. Upon completion of such claims, disputes or lawsuits, the party who has retained such "Confidential" information shall certify that the "Confidential" information has been returned or destroyed as set forth above.

    **B.**    Any "Confidential" information entered on a computer database or other electronic media must be deleted, written over or reformatted.

**X.**    **Disclosure of Protected Health Information.**

    **A.**    This section addresses disclosure of medical information which might qualify as "protected health information" as that term is defined under the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

    **B.**    Pursuant to 45 C.F.R. § 164.512(e)(1)(i), allowing disclosure of claim file information, including protected health information, the following applies.

    1.    PCIGC is expressly prohibited from using or further disclosing documents or other information, including protected health information disclosed pursuant to this Order, for any purpose other than (a) the present litigation, or (b) PCIGC's handling of claims against Manor Care and/or its affiliates.

2. In the event PCIGC determines that it has a need to review information which is subject to a Protective Order entered by a court having jurisdiction over a particular underlying claim, PCIGC will so notify Manor Care and Manor Care will, immediately upon receipt of such notification from PCIGC, make application to the court which issued the protective order for relief from that order to the extent necessary to allow PCIGC to utilize the affected documents in this litigation. Regardless of the outcome of such application, Manor Care will not be required to take further action in this regard unless directed to do so by this Court.

3. To the extent other provisions of this Stipulated Protective Order conflict with this section (X) or the provisions of HIPAA, the latter shall control.

## XI. Binding Effect.

A. All provisions of this Stipulated Protective Order restricting the use of information obtained during discovery will continue to be binding after the conclusion of this action, including all appeals, until further Order of the United States District Court for the District of Maryland, unless the parties agree otherwise in writing.

## XII.   Continuing Jurisdiction.

A.   The United States District Court for the District of Maryland retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

**AGREED AND APPROVED FOR ENTRY:**

*[signature]*
James H. Hulme, Bar No. 00875
Deanne M. Ottaviano, Bar No. 15659
ARENT FOX KINTNER PLOTKIN &
KAHN, PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Ph: (202) 857-6000
Fax: (202) 857-6395
*Attorneys for Plaintiff*

*[signature]*
Gerald R. Kowalski, Pro Hac Vice
Jodi D. Spencer, Pro Hac Vice
COOPER & WALINSKI, L.P.A.
900 Adams Street
Toledo, Ohio 43624
Ph: (419) 241-1200
Fax: (419) 242-5675
*Attorneys for Plaintiff*

*[signature]*
Albert J. Mezzanotte, Jr., Bar No. 00197
Edward M. Buxbaum, Bar No. 05015
WHITEFORD, TAYLOR & PRESTON
L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
Ph: (410) 347-8700
Fax: (410) 752-7092

*Attorneys for Defendants*

**SO APPROVED:**

_____
The Honorable Benson E. Legg, Judge